UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LARRY PRESSLEY,<br><br>    Defendant. | Case No. CR12-318RSL<br><br>ORDER GRANTING IN PART<br>MOTION FOR DISCOVERY |

## I. INTRODUCTION

This matter comes before the Court on defendant's "Motion for Discovery," Dkt. # 29. Having reviewed the memoranda, declarations, and exhibits submitted by the parties and the remainder of the record, the Court finds as follows:

## II. DISCUSSION

Defendant Larry Pressley is charged with being a felon in possession of a firearm and ammunition as an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Dkt. # 40 at 1-4. Trial is scheduled to begin June 10, 2013. Dkt. # 58.

Initially, defendant sought an order compelling the government to produce (1) the names of witnesses who reported seeing defendant's wife with a firearm, (2) information related to an earlier polygraph examination of defendant, (3) communications between witnesses and Federal Bureau of Investigation ("FBI") agents, (4) information regarding offers of financial assistance to witnesses, (5) certain documents in unredacted form, (6) communications between FBI agents and Department of Corrections ("DOC") officers

prior to the search of defendant's residence, (7) drug use and treatment histories of witnesses, and (8) impeachment evidence of agents the government plans to call at trial. Dkt. # 29 at 1-10.

However, defendant's reply memorandum indicates that he is no longer pursuing each category of discovery at this time.[1] See Dkt. # 1-4. The only remaining discovery issues before the Court are (1) whether the government should be compelled to produce all of the reports, notes, and recordings of a February 2012 polygraph examination and the pre-test interview, (2) whether the Court should conduct an *in camera* review of two emails and notes regarding the investigation leading to the search of defendant's home, and (3) the timing of the government's Henthorn review.

**1. Polygraph Examination Materials**

In February 2012, while defendant was in state custody on unrelated state charges, he underwent a polygraph examination. Although the primary focus of the exam was the disappearance of defendant's former girlfriend, defendant contends that the pre-test interview and exam included questions about his possession of firearms. Therefore, defendant argues, the government should produce the notes and recordings of those sessions. The government has already produced the final results of the exam, but it contends it is not required to produce the notes or recordings because they are not relevant to the charges against defendant or material to his defense.

---

[1] In his reply, defendant accepts that the government has produced the names of the witnesses who reported that defendant's wife was in possession of one or more firearms. Dkt. # 45 at 2. Similarly, defendant accepts the government's statement that it has produced everything in its possession regarding offers of financial assistance to witnesses, substantive communications between agents and witnesses, and witness drug histories, and therefore does not pursue additional discovery of those topics at this time. Id. at 2-3. Defendant also accepts the government's representation that FBI agents and DOC officers did not communicate about him before the search of his home. Id. at 3. Of course, should the government become aware of any new information in these areas it has a continuing obligation to supplement its responses.

ORDER GRANTING IN PART
MOTION FOR DISCOVERY- 2

"Rule 16 of the Federal Rules of Criminal Procedure grants defendants a broad right to discovery." United States v. Doe, 705 F.3d 1134, 1150 (2013). Upon the defendant's request, the government must disclose any relevant written or recorded statement by the defendant if it is in the government's custody or control and the government attorney knows it exists. Fed. R. Crim. P. 16(a)(1)(B)(I). Similarly, under Rule 16, the government must allow a defendant to inspect and copy documents in the government's custody or control if the documents are material to preparing the defense, the government intends to use the documents in its case in chief, or the documents belong to defendant. Id. 16(a)(1)(E). The defendant must make a preliminary showing of materiality, "which requires a presentation of facts which would tend to show that the government is in possession of information helpful to the defense." Doe, 705 F.3d at 1150 (quoting United States v. Stever, 603 F.3d 747, 752 (9th Cir. 2010)). Defendant has met this burden.

Contrary to the government's argument, Rule 16 permits the defendant to review and copy any notes from the pre-test interview and polygraph examination even if the government does not plan to use that evidence at trial, as long as the evidence is material to the defense. Fed. R. Crim. P. 16(a)(1)(E). Defendant's request is narrowly tailored and the government does not dispute that those items are in its custody. Defendant's statements about his possession of a firearm, even if made during a discussion of the disappearance of his former girlfriend, are relevant and may be helpful to his defense. Thus, the Court GRANTS defendant's motion for the production of the notes and recordings of the February 2012 polygraph examination and pre-test interview.

**2. Redacted Emails and Notes**

As the government does not object to an *in camera* review of two emails between Fred E. Harrison and Gregg P. Freeman and DOC Officer Scott Lee's handwritten notes, Dkt. # 37 at 5, the court GRANTS defendant's motion. The government shall produce

ORDER GRANTING IN PART
MOTION FOR DISCOVERY- 3

these documents to the chambers of the undersigned no later than May 10, 2013, for *in camera* review.

### 3. Henthorn Review

Based on the government's agreement to conduct a Henthorn review in a timely manner, the Court GRANTS defendant's motion for the results of the government's review. The government shall give defendant the results of its review no later than one week prior to the commencement of trial.

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion for discovery is GRANTED IN PART.

DATED this 3rd day of May, 2013.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
MOTION FOR DISCOVERY- 4